# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOSE HERNANDEZ-TIRADO,** | : | **CIVIL NO.  3:14-CV-2492** |
| | : | |
| **Plaintiff,** | : | **(Judge Caputo)** |
| **v.** | : | |
| | : | **(Magistrate Judge Carlson)** |
| **CRAIG LOWE, et al.,** | : | |
| | : | |
| **Defendants.** | : | |

## REPORT AND RECOMMENDATION

### I.    Statement of Facts and of the Case

This is an action brought by Jose Hernandez-Tirado, a prisoner who is proceeding *pro se.* In his complaint, the plaintiff sued prison officials at the Pike County Correctional Facility, and alleged an array constitutional infractions relating to prison diet, medical services and other conditions of confinement at the county prison. (Doc. 1) Along with his complaint, the plaintiff filed a motion for preliminary injunction which requested that the court order prison staff to avoid any "proximity" to the plaintiff while this case was pending. (Doc. 5.) The motion was not accompanied by any brief, as required by the rules of this court, and it is undisputed that Hernandez-Tirado is no longer housed in this prison. Instead, the plaintiff is now housed at the United States Penitentiary, Canaan. In consideration of these undisputed facts, this request for a preliminary injunction should be dismissed as moot.

1

## II.   Discussion

### A.   The Plaintiff's Release from Custody at the Pike County Correctional Facility Renders Moot His Request For Injunctive Relief from Prison Officials at this Facility

In this case, we submit that the plaintiff's release from custody at the Pike County Correctional Facility renders moot his current motion for injunctive relief from the defendants, corrections officials at this county prison who formerly oversaw the conditions of the plaintiff's imprisonment at that particular facility.  The mootness doctrine recognizes a fundamental truth in litigation: "[i]f developments occur during the course of  adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot." Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 698-99 (3d Cir. 1996). In this case, the plaintiff sought to enjoin prison officials from having any "proximity" to him  while he was housed in the county prison, yet it is entirely undisputed that the plaintiff is no longer in the defendants' custody and, therefore, no longer has any contact with the prison official defendants named in this case.

This simple fact raises a threshold, and insurmountable, obstacle to this motion for a preliminary injunction against prison staff at a facility where the plaintiff is no longer incarcerated. Upon consideration, we conclude that the plaintiff's release from this facility renders his motion for injunctive relief moot, and that motion should be

2

denied. In this setting, the United States Court of Appeals for the Third Circuit has

observed that, when addressing inmate requests for injunctive relief:

> As a preliminary matter, we must determine whether the inmates' claims are moot because "a federal court has neither the power to render advisory opinions nor to decide questions that cannot affect the rights of litigants in the case before them." Preiser v. Newkirk, 422 U.S. 395, 401 (1975) (quotations omitted); see also Abdul-Akbar v. Watson, 4 F.3d 195, 206 (3d Cir.1993). An inmate's transfer from the facility complained of generally moots the equitable and declaratory claims. Abdul-Akbar, 4 F.3d at 197 (former inmate's claim that the prison library's legal resources were constitutionally inadequate was moot because plaintiff was released five months before trial).

Sutton v. Rasheed, 323 F.3d 236, 248 (3d Cir. 2003). See Griffin v. Beard, No. 09-

4404, 2010 WL 4642961 (3d Cir. Nov. 17, 2010)(transfer from SCI Huntingdon

renders inmate injunctive relief claim moot). Indeed, as this court has previously

observed, in a case such as this, where an inmate seeks injunctive relief against his

jailers but is no longer housed at the prison where these injunctive claims arose:

> [H]is request[] to enjoin the defendants from interfering with his [rights] is academic. See Muslim v. Frame, 854 F.Supp. 1215, 1222 (E.D.Pa.1994). In other words, [the prisoner-plaintiff's] transfer to another institution moots any claims for injunctive or declaratory relief. See Abdul-Akbar v. Watson, 4 F.3d 195, 206-07 (3rd Cir.1993); Weaver v. Wilcox, 650 F.2d 22, 27 (3rd Cir.1981).

Fortes v. Harding, 19 F.Supp.2d 323, 326 (M.D.Pa.1998).

These principles control here, and compel denial of this motion for preliminary

injunction as moot since the plaintiff is no longer housed at the Pike County Correctional Facility.

### III.   **<u>Recommendation</u>**

Accordingly, for the foregoing reasons, IT IS RECOMMENDED that the plaintiff's motion for preliminary injunction (Doc. 5) be DISMISSED as moot.

The parties are further placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 18th day of May, 2015.

<u>*S/Martin C. Carlson*</u>
Martin C. Carlson
United States Magistrate Judge