UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSE A HERNANDEZ-TIRADO, | : | CIVIL NO. 3:14-CV-2492 |
| | : | |
| Plaintiff | : | (Judge Caputo) |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| CRAIG LOWE, et al., | : | |
| | : | |
| Defendants | : | |

**REPORT AND RECOMMENDATION**

I. **Statement of Facts and of the Case**

This *pro se* prisoner lawsuit previously came before us for consideration of a motion to dismiss filed by Kimberly Montanredes, (Doc. 23), a defendant who is employed at a prison nurse at the Pike County Correctional Facility. In the Winter of 2014, the plaintiff, Jose Hernandez-Tirado, was an inmate housed in the Pike County Correctional Facility. Hernandez-Tirado's complaints arose out of that period of county incarceration. Liberally construed, the plaintiff's December 31, 2014 *pro se* complaint advanced an array of claims against prison officials, including one claim leveled against defendant Montanredes. As to defendant Montanredes, the plaintiff's complaint made a narrow, and specific, but somewhat opaque, claim. (Doc. 1, ¶¶37-40.) The complaint alleged that Hernandez-Tirado suffered from sciatica. Hernandez-Tirado alleged that he received regular treatment for this condition, but stated that Defendant Montanredes did not deliver his medications to him personally, as she did for other

inmates. Instead, the plaintiff was required to go to the dispensary to obtain his medicine. Hernandez-Tirado's complaint then suggested without any further supporting factual narrative that this conduct was either retaliatory or racially discriminatory. (Id.) Construing the complaint as presenting both Eighth Amendment claims relating to deliberate indifference to the plaintiff's medical needs, as well as discrimination and retaliation claims, the defendant moved to dismiss these claims, arguing that Hernandez-Tirado's complaint failed to state a claim upon which relief may be granted with respect to these issues. (Doc. 23.) We recommended that this motion to dismiss be granted, without prejudice to the filing of an amended complaint which complied with federal pleading requirements. (Doc. 37.) On September 23, 2015, the district court adopted this recommendation and permitted the plaintiff 21 days in which to amend his complaint. (Doc. 38.)

That deadline has now long since passed without any action on the plaintiff's part to amend his claims against Defendant Montanredes. On these facts it is now recommended that this defendant be dismissed with prejudice from this action.

**II.  Discussion**

While our initial analysis called for dismissal of Defendant Montanredes from this action, the Court provided the plaintiff a final opportunity to further litigate this matter by endeavoring to promptly file a proper amended complaint. Having concluded that this *pro se* complaint was flawed, we followed this course recognizing that in civil

rights cases *pro se* plaintiffs often should be afforded an opportunity to amend a complaint before the complaint is dismissed in its entirety, see Fletcher-Hardee Corp. v. Pote Concrete Contractors, 482 F.3d 247, 253 (3d Cir. 2007), unless it is clear that granting further leave to amend would be futile, or result in undue delay. Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004).

Thus, in this case, the plaintiff was given this opportunity to further amend his complaint with respect to Defendant Montanredes, but has now forfeited this opportunity through his inaction. In this situation, where a deficient complaint is dismissed without prejudice but the *pro se* plaintiff refuses to timely amend the complaint, it is well within the court's discretion to dismiss the complaint with prejudice given the plaintiff's refusal to comply with court directives. Indeed, this precise course was endorsed by the United States Court of Appeals for the Third Circuit in Pruden v. SCI Camp Hill, 252 F. App'x 436, 438 (3d Cir. 2007). In Pruden, the appellate court addressed how district judges should exercise discretion when a *pro se* plaintiff ignores instructions to amend a complaint. In terms that are equally applicable here the court observed that:

> The District Court dismissed the complaint without prejudice and allowed [the *pro se* plaintiff] twenty days in which to file an amended complaint. [The *pro se* plaintiff] failed to do so. Because [the *pro se* plaintiff] decided not to amend his complaint in accordance with the Federal Rules of Civil Procedure, we conclude that the District Court did not abuse its discretion when it dismissed [the *pro se* plaintiff's] complaint with prejudice. See In re Westinghouse Securities Litigation, 90 F.3d 696, 704

(3d Cir.1996). The District Court expressly warned [the *pro se* plaintiff] that the failure to amend his complaint would result in dismissal of the action with prejudice. "[I]t is difficult to conceive of what other course the court could have followed." Id. (quoting Spain v. Gallegos, 26 F.3d 439, 455 (3d Cir.1994)).

Pruden v. SCI Camp Hill, 252 F. App'x 436, 438 (3d Cir. 2007).

This course of action has also been the past practice of this court when confronted with litigants who refuse to abide by instructions to timely amend their pleadings. See e.g., Robertson v. Samuels, No. 3:13-CV-2500, 2014 WL 347007, at *3 (M.D. Pa. Jan. 30, 2014) aff'd, 593 F. App'x 91 (3d Cir. 2014) cert. denied, 135 S. Ct. 1565, 191 L. Ed. 2d 650 (2015). Therefore with respect to Defendant Montanredes it is recommended that the complaint now be dismissed with prejudice as frivolous for failure to state a claim without further leave to amend.

### III.  Recommendation

Accordingly, for the foregoing reasons, IT IS RECOMMENDED that with respect to Defendant Montanredes the Plaintiff's complaint be dismissed with prejudice as frivolous for failure to state a claim and this case be closed with respect to Defendant Montanredes.

The Parties are further placed on notice that pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days

after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 21st day of December, 2015.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge
